| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| CIT BANK, N.A., <br><br>           Plaintiff,<br><br>vs.<br><br>RICARDO ROSADO, LISETTE ROSADO, CAPITAL ONE BANK, F.S.B., LVNV FUNDING LLC A/P/O WASHINGTON MUTUAL, NORTH STAR CAPITAL ACQUISITION LLC, CAPITAL ONE BANK (USA), N.A.,<br><br>           Defendants. | Case No.:<br><br><br><br>**COMPLAINT** |

  Plaintiff, CIT Bank, N.A., formerly known as OneWest Bank, N.A., formerly known OneWest Bank, FSB ("CIT" or "Plaintiff") alleges by and through its attorneys, Windels Marx Lane & Mittendorf, LLP, by way of its Complaint against the defendants as follows:

## NATURE OF THE ACTION

  1. This is an action to foreclose a mortgage encumbering property located at Section 22, Block: 3, Lot: 2 on the Tax Map of Orange County, State of New York, more commonly known as 963 Route 17M, Middletown, New York and which is more particularly described and identified by the legal metes and bounds description of the land included and improvements thereon described in Schedule A annexed hereto and made a part hereof (the "Mortgaged Property" or "Property").

## THE PARTIES

  2. Plaintiff, CIT, is a national association, and maintains its principal place of business at 888 East Walnut Street, Pasadena, California 91101.

  3. Plaintiff is the holder of the Note and Mortgage (defined below).

4. Defendant Ricardo Rosado is a natural person and a New York resident, having an address at 963 Route 17M, Middletown, New York 10940 and is the co-owner of the Mortgaged Property.

5. Defendant Lisette Rosado is a natural person and a New York resident, having an address at 963 Route 17M, Middletown, New York 10940 and is the co-owner of the Mortgaged Property.

6. Defendant Capital One Bank, F.S.B. has a business address at 15000 Capital One Drive, Richmond, Virginia 23238 and is joined as a party defendant because, upon information and belief, it has an interest in the Mortgaged Property as a judgment creditor.

7. Defendant LVNV Funding LLC A/P/O Washington Mutual has a business address at 15 South Main Street, Suite 600, Greenville, South Carolina 29601 and is joined as a party defendant because, upon information and belief, it has an interest in the Mortgaged Property as a judgment creditor.

8. Defendant North Star Capital Acquisition LLC has a business address at 170 North Pointe Parkway, Suite 300, Amherst, New York 14227 and is joined as a party defendant because, upon information and belief, it has an interest in the Mortgaged Property as a judgment creditor.

9. Defendant Capital One Bank (USA), N.A. has a business address at 4851 Cox Road, Glen Allen, Virginia 23060 and is joined as a party defendant because, upon information and belief, it has an interest in the Mortgaged Property as a judgment creditor.

10. Each of the above-named defendants (collectively "Defendants") have, claims to have, or may claim to have some interest in or lien upon the Mortgaged Property or some part thereof, and any such lien or interest is subject and subordinate to, the lien of the Mortgage.

## JURISDICTION

11. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §1332 because there is complete diversity jurisdiction.

12. All named Defendants to this action are of diverse citizenship to Plaintiff:

   (a) Defendant Ricardo Rosado is a domiciliary of the State of New York.

   (b) Defendant Lisette Rosado is a domiciliary of the State of New York.

   (c) Defendant Capital One Bank, F.S.B. maintains its principal place of business in the State of Virginia.

   (d) Defendant LVNV Funding LLC A/P/O Washington Mutual maintains its principal place of business in the State of South Carolina.

   (e) Defendant North Star Capital Acquisition LLC maintains its principal place of business in the State of New York.

   (f) Defendant Capital One Bank (USA), N.A. maintains its principal place of business in the State of Virginia.

   (g) Plaintiff maintains its principal place of business in the State of California (see 28 U.S.C. § 1332(C)(1)).

13. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs (see 28 U.S.C. §1332), in that the amount in controversy herein is $183,811.55, the unpaid principal balance of the loan, exclusive of costs and interest thereon.

## VENUE

14. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) as two of the named defendants to this action reside in the State of New York.

15. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events and omissions giving rise to the claims in this action occurred in this District

and the Mortgaged Property which is the subject matter of the action is wholly situate in this District.

## THE LOAN TRANSACTION

16. On or about June 16, 2008, defendants Ricardo Rosado and Lisette Rosado ("Mortgagors") executed and delivered to IndyMac Bank, F.S.B. ("IndyMac") its successors and/or assigns, a promissory note ("Note") evidencing a loan made to Mortgagors in the principal amount of one hundred ninety-three thousand seventy and 00/100 dollars ($193,070.00), with interest as provided therein.

17. On or about June 16, 2008, Mortgagors duly executed, acknowledged, and delivered a mortgage ("Mortgage") to Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as nominee for IndyMac, for the purpose of securing payment of the indebtedness set forth in the Note, wherein and whereby Mortgagors mortgaged the Property to IndyMac, its successors and/or assigns.

18. On August 18, 2008, the Mortgage was duly recorded in the Office of the Orange County Clerk in File # 20080083749, Book 12717, Page 0119 and the requisite mortgage recording tax and all other fees were duly paid thereon.

19. On or about October 8, 2008, certain terms of the Note were modified ("Modification Agreement") by the agreement of IndyMac. The Modification Agreement stated, among its provisions, that: (a) the new principal balance under the Note was one hundred ninety-nine thousand five hundred fifty and 25/100 dollars ($199,550.25) and included the amounts and arrears that were past due; and (b) interest would accrue on the new principal balance at a rate of 6.125%. On March 15, 2016, the Modification Agreement was recorded in the Office of the Orange County Clerk in Instrument # 20160017005, Book 14023, Page 345.

20. On January 6, 2016, MERS as nominee for IndyMac assigned the Mortgage to Plaintiff and on February 1, 2016, the assignment was recorded in the Office of the Orange County Clerk in Instrument # 20160006679, Book 14002, Page 1171.

21. An Allonge affixed to the Note transferred the Note to Plaintiff.

22. To-date Plaintiff remains the owner and holder of the Note and Mortgage.

## OTHER TERMS OF THE LOAN DOCUMENTS

23. The Mortgage constitutes a valid and binding first lien on the Mortgaged Property enforceable in accordance with its terms, with priority superior in right to that of any other party.

24. The Note and the Mortgage state that if the Mortgagors do not pay the full amount of each monthly payment on the date it is due, they will be in default. In such an event, the holder of the Mortgage may send a notice of default to the Mortgagors, letting Mortgagors know that the overdue amount must be paid by a certain date.

25. The Note and Mortgage further provide that the holder of the Mortgage may accelerate the entire principal amount outstanding and accrued interest in the event the Mortgagors fail to pay the overdue amount by the time set out in the notice of default.

26. Paragraph 6(B) of the Note titled "Default" states, in pertinent part:

> If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest.

27. Paragraph 9 of the Mortgage enumerates "Grounds for Acceleration of Debt." This paragraph states, in pertinent part:

> … Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:
> (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next

monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

28. Paragraph 18 of the Mortgage enumerates "Foreclosure Procedure." This paragraph states, in pertinent part:

If Lender requires immediate payment in full under Paragraph 9, Lender may decline to accept periodic payments and may foreclose on this Security Instrument as well as invoke any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender forecloses this Security Instrument, Lender shall give notice to Borrower in the manner provided in Paragraph 13 and as required by applicable law. Lender shall publish and post the notice of sale, and the property shall be sold in the manner prescribed by applicable law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the manner prescribed by applicable law.

## DEFAULT AND NOTICES

29. Mortgagors failed to comply with the terms and provisions of the Note and Mortgage by failing to make the monthly installment payment due on June 1, 2014, comprising principal, interest and other sums required by the Note and Mortgage, and by failing to make all subsequent monthly installment payments due thereafter.

30. On June 11, 2015, pursuant to the provisions of the Mortgage, notices compliant in all respects with the requirements of notice enumerated in Paragraph 13 (entitled "Notices") of the Mortgage, and Paragraph 18 of the Mortgage (as alleged above), were sent to each Mortgagor, notifying Mortgagors of their failure to make payments and setting forth each of the other matters required by Paragraphs 9 and 18 of the Mortgage to be set forth therein.

31. On June 11, 2015, pursuant to the provisions of New York Real Property Actions and Proceedings Law (hereinafter "RPAPL") §1304, ninety (90) day pre-foreclosure notices

were sent to each Mortgagor.

33. Pursuant to the provisions of RPAPL §1306, Plaintiff timely filed a copy of the ninety (90) day pre-foreclosure notices with the New York State Department of Financial Services.

33. The default alleged above constitutes Mortgagors' failure to keep the promises and agreements made in the Note and Mortgage, and has not been cured, notwithstanding the notifications sent and filed.

34. Mortgagors' defaults continue through the date of this Complaint, unabated.

## ACCELERATION AND FORECLOSURE

35. Plaintiff therefore elects, and hereby elects, to declare the entire balance of the principal indebtedness and all interest and other charges due under said Note and Mortgage immediately due and payable.

36. As of November 1, 2015, there was due and owing to Plaintiff the unpaid principal sum of $183,811.55 plus interest thereon, together with accrued late charges and related expenses incurred in protecting Plaintiff's security in the amount as shall be computed by the Court, a Referee, or a Special Master.

37. Pursuant to the provisions set forth in paragraph 18 of the Mortgage, Plaintiff also seeks recovery of all reasonable attorneys' fees incurred in connection with this foreclosure action.

38. During the pendency of this action, in order to protect its security, Plaintiff may be compelled to pay taxes, assessments, water rates, insurance premiums, and/or other charges affecting the Mortgaged Property, and Plaintiff requests that any sums so paid by it shall be added to the sum otherwise due herein, and be deemed secured by the Note and Mortgage and

adjudged a valid lien upon the Mortgaged Property.

39. No other action has been commenced at law or otherwise that is still pending for recovery of the monies or any part thereof evidenced by the Note and secured by the Mortgage.

40. In the event Plaintiff possesses any other lien(s) against the Mortgaged Property, either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's claim(s) set forth in this Complaint, but that Plaintiff enforces said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including without limitation, any surplus money proceedings following a foreclosure sale in this matter.

41. Plaintiff requests that in the event that this action proceeds to judgment of foreclosure and sale, the Mortgaged Property be sold, subject to the following:

   a. Any state of facts that an inspection of the Mortgaged Property would disclose;
   b. The state of facts that surveys of the Mortgaged Property might disclose;
   c. Sums, if any, of real estate taxes, and assessments, water, sewer, and vault charges, with interest and penalties, including lien and certificate sales for delinquent items, unless paid from the proceeds of the foreclosure sale;
   d. Covenants, reservations, restrictions, easements and public utility agreements of record, if any;
   e. Building and zoning ordinances of the municipalities in which the Mortgaged Property are located and possible violations of same;
   f. All rights of tenants or persons in possession of the Mortgaged Property other than tenants, if any, named as defendants in this action;
   g. Any equity of redemption of the United States of America, to redeem the Mortgaged Property or any part thereof after the date or sale; and
   h. Prior liens of record prior to the Mortgage, if any.

42. If it becomes necessary to protect the security and the lien of the Mortgage and its priority and the rights of a purchaser at the foreclosure sale, for Plaintiff to pay taxes, assessments, vault charges, water and sewer charges, plus interest and penalties thereon, that are or may become liens upon the Mortgaged Property (including purchase and/or redemption of liens and certificates sold at tax sales), taxes, and other charges that must be paid as a

prerequisite to recording the referee's deed in foreclosure, premiums of insurance policies and other charges, costs of service, repairs, and maintenance incurred for protection of the security, then Plaintiff hereby demands that any monies that may so be expended shall be added to the amount evidenced and secured by the Mortgage, or any judgment of foreclosure and sale entered herein, together with interest thereon from the time of such payment and that the same be paid to Plaintiff from the proceeds of the foreclosure sale herein.

43. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made, by reason of payment after the date of the commencement of this action, or by reason of any attempt to cure any or all of the defaults mentioned herein; such election shall continue and remain effective until the costs and disbursements of this action, and any and all present and future defaults under the Note and Mortgage, occurring prior to the discontinuance of this action, are fully paid and cured.

**WHEREFORE**, Plaintiff demands judgment that Defendants and all persons claiming under them subsequent to the commencement of this action and the filing of a notice of pendency thereof, may be forever barred and foreclosed of and from all estate, right, title, interest, claim, lien or equity of redemption of, in and to the Mortgaged Property and each and every part and parcel thereof; that the Mortgaged Property may be decreed to be sold in one parcel subject to the matters set forth herein, and that the monies arising from such sale may be brought into Court; that Plaintiff may be paid the amount due upon the said Note and Mortgage as hereinbefore set forth, with interest to the time of such payment, and the expenses of such sale, together with the costs, allowances and disbursements of this action, and together with any monies advanced and paid pursuant to any term or provision of the Note and Mortgage or to protect the lien of Plaintiff's Mortgage, with interest upon the said amounts from the dates of the

respective payments and advances thereof, and Plaintiff's reasonable attorney's fees and costs, so far as the amount of such monies properly applicable thereto will pay the same, and that defendants Ricardo Rosado and Lisette Rosado may be adjudged to pay any deficiency remaining after the application of such monies as aforesaid, and that Plaintiff may have such other and further relief herein as may be just and proper.

Dated:  New York, New York
        April 4, 2016

**WINDELS MARX LANE & MITTENDORF, LLP**,

By:     /s/ Rachel B. Drucker
        Rachel B. Drucker, Esq.
        156 West 56th Street
        New York, New York 10019
        (212) 237-1000
        *Attorneys for Plaintiff CIT Bank, N.A.*

## SCHEDULE A

### Legal Description

**Section 22, Block: 3, Lot: 2**

ALL that certain plot, piece or parcel of land situate on the easterly side of the Middletown-Bloomingburg Highway known as New York State Route 17, in the Town of Wallkill, County of Orange and State of New York, and more accurately bounded and described as follows:

BEGINNING at a concrete highway monument located in the easterly line of the Middletown-Bloomingburg Highway on the line between the property of William DeGraw and one Rhodes;

RUNNING THENCE along the easterly line of the Middletown-Bloomingburg Highway, South 25º 10' 00" West, 100 feet to a stake;

THENCE South 41º 00' 00" East, 187.47 feet to a stake in the center of a stone wall marking the line between lands of DeGraw on the west and Bell on the east;

THENCE along the center of the last mentioned stone wall to a stake located, North 47º 16' 20" East, 91.52 feet, said stake marking the most easterly corner of lands owned by William DeGraw, and also on the line between lands of one Bell and one Rhodes;

THENCE on a line between the lands of William DeGraw and Rhodes, North 41º 00' 00" West, 225.12 feet to the point or place of BEGINNING.

CONTAINING 0.4± acres of land, being the same more or less.

**Premises known as 963 Route 17 M, Middletown, NY.**

# NOTICE PURSUANT TO THE FAIR DEBT COLLECTIONS PRACTICES ACT, <u>15 U.S.C. SECTION 1692 AS AMENDED</u>

1. There is, as of November 1, 2015, due and owing pursuant to the promissory note and mortgage as modified, as described in the Complaint: the aggregate sum of $211,732.33 for unpaid principal balance, interest, accumulated late charges, and recoverable balance; in addition, attorneys' fees, costs, and disbursements have been incurred by the Creditor due to the Mortgagors' defaults, which are not included in the above sum.  Per Diem interest continues to accrue, in addition to other sums.

2. The Plaintiff is the creditor to whom the debt is owed.

3. The debt described in the Complaint attached hereto will be assumed to be valid by the Creditor's law firm, unless the debtor, within thirty (30) days after the receipt of this notice, disputes, in writing, the validity of the debt or some portion thereof.

4. If the Debtor notifies the Creditor's law firm in writing within thirty (30) days of the receipt of this notice that the debt or any portion thereof is disputed, the Creditor's law firm will obtain verification of the debt and a copy of the verification will be mailed to the Debtor by the Creditor's law firm.

5. If the Creditor that is named as the assignee (holder) of the Mortgage in the attached complaint is not the original creditor, and if the Debtor makes written request to the Creditor's law firm within thirty (30) days from the receipt of this notice, the name and address of the original creditor will be mailed to the Debtor by the Creditor's law firm.

6. Written request should be addressed to the attorney whose signature, name and address appear below.

7. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Dated: New York, New York
April 4, 2016

**WINDELS MARX LANE & MITTENDORF, LLP**

By:  /s/ Rachel B. Drucker
Rachel B. Drucker, Esq.
156 West 56th Street
New York, New York 10019
(212) 237-1000
*Attorneys for Plaintiff CIT Bank, N.A.*

305045.082
{11186697:1}

# Help for Homeowners in Foreclosure

New York State Law requires that we send you this notice about the foreclosure process. Please read it carefully.

**Summons and Complaint**

You are in danger of losing your home. If you fail to respond to the summons and complaint in this foreclosure action, you may lose your home. Please read the summons and complaint carefully. You should immediately contact an attorney or your local legal aid office to obtain advice on how to protect yourself.

**Sources of Information**

The State encourages you to become informed about your options in foreclosure. In addition to seeking assistance from an attorney or legal aid office, there are government agencies and non-profit organizations that you may contact for information about possible options, including trying to work with your lender during this process.

To locate an entity near you, you may call the toll-free helpline maintained by the New York State Banking Department at 1-877-BANK-NYS (1-877-226-5697) or visit the Department's website at www.banking.state.ny.us.

**Foreclosure rescue scams**

Be careful of people who approach you with offers to "save" your home. There are individuals who watch for notices of foreclosure actions in order to unfairly profit from a homeowner's distress. You should be extremely careful about any such promises and any suggestions that you pay them a fee or sign over your deed. State law requires anyone offering such services for profit to enter into a contract which fully describes the services they will perform and fees they will charge, and which prohibits them from taking any money from you until they have completed all such promised services.

{11108657;1}